UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

    Plaintiff,

                                      CASE NO.

vs.

MARTIN ANDERSSON,

    Defendant.

                                      /

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, pursuant to Rule 8 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the District of Massachusetts as this cause arises out of a policy of marine insurance delivered by the Plaintiff to the above named Defendant, MARTIN ANDERSSON, via the said Defendant's agent with its office located in Fort Lauderdale, Florida.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5. Upon information and belief, the Defendant MARTIN ANDERSSON (hereinafter "ANDERSSON") is a citizen of and a resident of the State of Massachusetts.

**FACTUAL ALLEGATIONS**

6. On or about December 21, 2018, the Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendant named herein its Marine Insurance Policy No. CSRYP/172119 affording Hull & Machinery coverage in the amount of $365,000.00 on a 2000 47 Catana vessel named "MELODY" which was alleged to be owned by the said Defendant.

7. A true and correct copy of the Policy Schedule and the policy language for Plaintiff's Policy No. CSPYP/172119 is attached hereto as Exhibit "A."

8. The coverage afforded under Policy No. CSRYP/164007 was effective for the period from December 21, 2018 through December 21, 2019.

9. On or about December 14, 2019, while Plaintiff's Policy No. CSRYP/172119 was in full force and effect, the vessel insured thereunder departed from the Port of Varadero, Aruba. On board were the Defendant "ANDERSSON" and a second individual, Ronald Naranja, as crew. The vessel's intended destination was St. Martin.

10. On or about December 16, 2019, while Plaintiff's Policy No. CSRYP/172119 was in full force and effect, the 2000 47 ft Catana named "MELODY" which was allegedly owned by the said Defendant named herein was attempting to enter the Port of Boca Chica in the Dominican Republic. At the said time and date, the vessel struck a breakwater and became stranded, resulting in extensive damage to the hull, engine, mechanical and electrical elements.

11. Upon receipt of the first notice of the December 16, 2019 incident described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

12. The said investigation established that throughout the voyage described herein and at the time of the incident referenced herein, the insured vessel was outside the navigational limits that were permitted under the express terms of the Plaintiff's policy of marine insurance.

13. The said investigation established that the vessel allegedly owned by the Defendant was in unseaworthy condition both prior to and also as of the date and time of the December 16, 2019 incident described herein.

14. Notwithstanding the facts established by Plaintiff's said investigation, the Defendant has made a claim against the Plaintiff under the terms of Policy No. CSPYP/172119 demanding payment of the full insured value of the vessel or the full price for effecting extensive repairs the vessel insured under the terms of the said policy.

## FIRST CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 14 as if set forth fully herein.

16. Plaintiff's policy states, in pertinent part:

   9. General Conditions & Warranties

   ******

   t)   Where any term herein is referred to as a "warranty" or where any reference is made herein to the word "warranted" the term shall he deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that that any such breach will void this policy from inception.

17. The Policy Schedule, Exhibit "A" attached hereto, states in pertinent part:

3

| | |
|---|---|
| Navigational Limits | Warranted that the Scheduled Vessel is confined to Florida, the Bahamas, and the Caribbean Sea (excluding Cuba, Colombia, Haiti and Venezuela) Not to exceed 150 miles offshore. |

18. During the voyage referred to herein, and at the time of the incident of December 16, 2019 that resulted in the insured vessel sustaining damage, the vessel was outside the navigational limits that were warranted in the Plaintiff's policy of marine insurance. Defendant was therefore in breach of the express warranty set forth in the Plaintiff's policy of marine insurance.

19. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, the Defendant named herein has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel or the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

20. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/172119. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

21. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

22.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 14 as if set forth fully herein.

23.   Plaintiff's policy states, in pertinent part:

> 9.  General Conditions & Warranties
>
> ******
>
> b)   It is warranted that the scheduled vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.

24.   The post-incident investigation carried out by the Plaintiff established that the vessel allegedly owned by the Defendants was in unseaworthy condition both prior to and also as of the date and time of the December 16, 2019 incident described herein.

25.   The Defendant named herein were therefore in breach of the said express warranty set forth in Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed upon the Defendant by the express terms of the Plaintiff's policy.

26.   Defendant's breach of the express warranty set forth in the Plaintiff's policy of marine insurance renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

27.   Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of December 16, 2019.

28.   Notwithstanding the said breach of an express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, the Defendant named herein has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel or to

the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

29.     As a result of the Defendant's breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/172119.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

30.     As a result of the Defendants demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A)     Declaring that the relationship of insurer and insured does not exist between Plaintiff and the Defendant named herein as regards the incident of December 16, 2019 in which the insured vessel sustained damage;

(B)     Declaring that Plaintiff's Policy No. CSRYP/172119 does not afford coverage to the Defendant named herein for the incident of December 16, 2019 in which the insured vessel sustained damage;

(C)     Declaring that the breach of the policy's Navigational Limits Warranty by the Defendant as described herein voids the Plaintiff's Policy No. CSRYP/172119 ab initio and

relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(D)   Declaring that the breach of the policy's warranty of seaworthiness by the Defendant as described herein voids the Plaintiff's Policy No. CSRYP/164007 ab initio and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(I)   Any and all such other and further relief as the Court may deem proper and appropriate in the premises.


Dated: February 27, 2020
Boston, Massachusetts


                          GOLDMAN & HELLMAN
                          Attorneys for Plaintiff
                          233 Harvard Street
                          Suite 211
                          Brookline, MA 02446
                          Tel (617) 566-4200
                          Cel (617)320-9854
                          Fax (617) 566-4292


                          By:      /s/ Michael I. Goldman
                                    MICHAEL I. GOLDMAN ESQ.