UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREAT LAKES INSURANCE SE, | ) ) ) | CIVIL ACTION |
| Plaintiff, | ) ) ) | NO. 4:20-40020-TSH |
| v. | ) ) ) |  |
| MARTIN ANDERSSON, | ) ) ) ) |  |
| Defendant. | ) |  |

# MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO STRIKE JURY DEMAND (Docket No. 13)

**MARCH 10, 2021**

Before the Court is Plaintiff's ("GLI") Motion to Strike Defendant's ("Andersson") demand for a jury trial. After hearing, GLI's motion is ***granted***.

## Background

GLI brought this suit for declaratory judgment under admiralty law against Andersson, its insured.

Andersson purchased a $365,000 marine insurance policy from GLI ("the Policy") for his catamaran, the *Melody*. (Ex. A at 2, Docket No. 1-2). The Policy includes two limitations which are relevant here. First, Andersson warranted that he would maintain the *Melody* in a seaworthy condition at all times during the Policy term; any breach would void the Policy from its inception. (*Id*. at 13). Second, Andersson warranted that he would not sail beyond Florida, the

1

Bahamas, and the Caribbean Sea (excluding Cuba, Columbia, Haiti, and Venezuela) or farther than 150 miles offshore. (*Id*. at 3).

The *Melody* sustained catastrophic damage when she hit a breakwater and became stranded in open water near the Port of Boca Chica in the Dominican Republic on or about December 16 or 17, 2019. (Comp. ¶ 10, Docket No. 1). GLI refused to cover the cost of salvage or repair on the grounds that Andersson had failed to keep the *Melody* in seaworthy condition because the VHF radio transmitter broke, and that Andersson sailed outside the bounds of the Policy's navigational limits. (¶ 12-14). It filed this lawsuit for a declaratory judgment that Andersson's policy does not cover the *Melody*'s stranding.

GLI designated that the case was brought under admiralty law and ticked NO next to the Jury Demand Box on the Civil Case Cover Sheet. (¶ 3) ("This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333."). Andersson's Answer asserted three state law counterclaims: Breach of Contract, Equitable Estoppel, and Unfair Insurance Claim Settlement Practices, in violation of M.G.L. c. 176D §3(9). (Docket No. 9). Andersson's breach of contract claim is based on GLI's denial of coverage under the Policy, while his equitable estoppel and Chapter 176D claims are based on his allegations that GLI's acts or omissions after the stranding caused the loss of the *Melody*'s GPS chartplotter, the best source of evidence for whether Andersson had violated the Policy's navigational limits before the stranding, and that GLI misrepresented the status of Anderson's claim so it could file suit before denying the claim and failed to act promptly upon communications. (¶ 107-117).

Andersson demanded a jury trial on his breach of contract and Chapter 176D counterclaims. (*Id*. at 21). GLI moved to strike Andersson's jury trial demand on the grounds that

GLI's 9(h) admiralty designation controls the action and extinguishes Andersson's right to a jury trial on any of his counterclaims. (Docket No. 13).

**Discussion**

The federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). Disputes involving marine insurance policies "unquestionabl[y]" fall within a district court's admiralty jurisdiction. *Windsor Mount Joy Mut. Ins. Co. v. Giragosian*, 57 F.3d 50 54 (1st Cir. 1995). However, they can also be brought under the district court's diversity jurisdiction if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Fed. R. Civ. P. 9(h) provides the procedure for a party to invoke the federal court's admiralty jurisdiction. It states: "If a claim for relief is within the court's admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions." R. 9(h)(1). An admiralty designation requires an identifying statement; ideally, a plaintiff expressly invokes Rule 9(h), though adding an "In Admiralty" caption without a jury demand is sufficient. *Concordia Co., Inc. v. Panek*, 115 F.3d 67, 71-73 (1st Cir. 1997).

Non-jury trials are customary in admiralty cases, but there is no law or constitutional norm that guarantees an admiralty plaintiff the right to a bench trial. *See Fitzgerald v. U.S.*, 374 U.S. 16,19 (1963). The Seventh Amendment guarantees a right to jury trial, but only for suits at

common law.[1] "Since the early years of the republic," no right to jury trial existed in admiralty cases. 2 ADMIRALTY & MAR. LAW § 21.15 (6th ed.); *see also Natasha, Inc. v. Evita Marine Charters Inc.*, 763 F.2d 468, 470 (1st Cir. 2001).

There is a lack of consensus among the federal courts over whether a defendant is entitled to a jury trial when he brings a compulsory legal counterclaim in response to a plaintiff's admiralty claim. In *Concordia*, the First Circuit signaled support for the Eighth Circuit's approach in *Koch Fuels* over competing law from other circuits without expressly adopting it.[2] *Concordia* at 71.

In *Koch Fuels*, an *in rem* action, the Eighth Circuit approved the district court's decision to hold separate jury trials for the plaintiff's admiralty claim (conversion) and the defendant's legal counterclaim (breach of contract). *See Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983). Under the facts of the case, Koch's conversation claim concerned "whether or not a charter agreement existed, [that] Inland wrongfully converted cargo belonging to Koch" while Inland's legal claim sought damages from Koch for breach of the charter agreement. *Id*. at 1042. The Eighth Circuit acknowledged that admiralty claims are ordinarily tried to the bench, but observed that trial courts "must, whenever possible, strive to preserve the right to a trial by jury." *Id*. at 1041. It added that severance was appropriate because "both parties, using different triers of fact, could prevail on their respective claims without prejudicing the other

---

[1] Where Congress wants to guarantee a right to a jury trial for certain claims in admiralty claims, it may do so by statute: *see* 46 U.S.C. § 30104 (the Jones Act) and 28 U.S.C. § 1873 (Great Lakes Act).

[2] In *Concordia*, the First Circuit declined to decide whether a defendant asserting legal claims in an admiralty case retains his right to a jury trial as a matter of right but implied it would adopt *Koch Fuels* when it needed to reach the issue. 115 F.3d 67, 71 (1st Cir. 1997). *Concordia* was decided on a narrower ground because (unlike here) the defendant had waived his Seventh Amendment right by failing to demand a jury trial and designating his counterclaims as "brought in admiralty." The First Circuit "assum[ed] without deciding under the *Koch Fuels* rationale that [the plaintiff's] designation of the action as arising in admiralty did not necessarily control the entire action. . ." *Id*. at 71.

party or arriving at inconsistent results" and separate trials served "the interests of preserving constitutional rights, clarity, or judicial economy." *Id*. at 1043.

At least five courts within the First Circuit have applied the *Koch Fuels* test. *See Royal Ins. Co of America v. Hansen*, 125 F.R.D. 5 (D. Mass. 1988) (refusing to hold separate trials in declaratory judgment case brought in admiralty where insurer denied coverage for insured's lack of reasonable care, and the insured asserted legal counterclaims for breach of contract and unfair and deceptive insurance claims settlement practices, and demanded a jury trial);[3] *Clarendon Am. Ins. Co. v. Rodriguez*, 1999 A.M.C. 2885 (D.P.R. 1999) (declining to hold separate trials in marine insurance dispute for insurer's admiralty declaratory judgment claim concerning insured's failure to comply with seaworthiness warranty and insured's legal counterclaims for breach of contract despite insured's jury demand because legal counterclaims were directly linked with the insurance contract and intertwined with the main action); *Jefferson Ins. Co. of New York v. Maine Offshore Boats, Inc.*, 2001 WL 484040 (D. Me. 2001) (declining to hold separate jury trial for insured's legal counterclaims for breach of contract, negligent misrepresentation, fraud, and violation of the Unfair Claims Settlement Act because counterclaims are intertwined with the admiralty declaratory judgment action and "hing[e] on a determination of the plaintiff's obligations"); *Reliance Nat. Ins. Co. (Europe) Ltd. v. Hanov*er, 222 F.Supp.2d 110, Case No. 00-11202-RGS, ECF 16 (D. Mass. 2002) (granting defendant's motion to strike jury demand in oral order in declaratory judgment admiralty action brought by marine insurer where the insured asserted breach of contract, unjust enrichment, and bad faith legal counterclaims, and demanded a jury trial); *Deep Down, Inc. v. Sub Sea Recovery, LLC*, 2014 WL 2114362 (D. Me. 2014) (granting motion to strike

---

[3] Of all five cases, only *Hansen* was decided before *Concordia*, but it applied the *Koch Fuels* test.

jury demand in *in rem* admiralty case for breach of contract and to foreclose maritime lien where defendant asserted legal counterclaims for breach of contract and unjust enrichment because admiralty claims and counterclaims were intertwined: each sought damages from breach of the same contract and severance would waste judicial resources and risk inconsistent results).

Because this dispute is a similar hybrid case with admiralty claims and legal counterclaims, and absent more recent guidance from the First Circuit than *Concordia*, I will also use a *Koch Fuels* analysis.

Here, GLI unambiguously designated their claim as brought in admiralty and Andersson timely asserted a demand for jury trial in his initial responsive pleading. In order to determine whether holding a bench trial for GLI's declaratory judgment claim and a separate jury trial for Andersson's breach of contract and/or Chapter 176D counterclaims is appropriate, I must analyze whether "both parties, using different triers of fact, could prevail on their respective claims without prejudicing the other party or arriving at inconsistent results" and whether separate trials would serve "the interests of preserving constitutional rights, clarity, or judicial economy." *Koch* at 1043.

First, holding separate trials for GLI's declaratory judgment claim and Andersson's breach of contract counterclaim would not serve judicial economy because the claims are inextricably intertwined.

Andersson concedes that the facts between GLI's declaratory judgment claim and its breach of contract counterclaim "admittedly overlap." (Docket No. 18 at 2). To prevail on declaratory judgment, GLI will need to prove it is not liable under the Policy because Andersson sailed outside the navigational limits or failed to keep the *Melody* seaworthy. Andersson will need to prove the opposite: that GLI had no valid reason to deny coverage because he did not violate the Policy's navigational limits—or any violation was excused because he changed course to seek

medical assistance for a crew member[4]—and that the *Melody* was seaworthy.  The claims are mirror images of one another and depend on the same universe of facts, so holding separate trials does not serve judicial efficiency.  As the Court found *in Deep Down Inc*. because the claim and counterclaim stem from the same contract, "it would . . . be virtually impossible to sever" them.  *Id*. at 5.  Furthermore, it could lead to inconsistent results if, applying the same facts, the Court found GLI was not liable for coverage in a bench trial, and a jury found that GLI breached the insurance contract.

Andersson proposes holding three trials: 1) a bench trial on his equitable estoppel counterclaim concerning the loss of the GPS chartplotter, and whether GLI's acts or omissions doom its declaratory judgment action; 2) a second bench trial on GLI's declaratory judgment claim if the Court rules against Andersson's equitable estoppel claim in the first trial; and 3) a jury trial on Andersson's 93A counterclaim (Docket No. 18 at 5).[5]

---

[4] Andersson denies that he violated the Policy's navigational limits, but argues that even if he had, the violation would be excused because he deviated from his planned course due to a crewmember's incapacitation with seasickness and dangerous weather conditions. (Answer at ¶¶ 31-36, 97-103, Docket No. 9).

[5] Andersson hopes that instead of applying *Koch Fuels*, the Court will follow Fourth and Ninth Circuit precedent and order that the whole case be tried to a jury. (Docket No. 18 at 2).  *See In Re Lockheed Martin Corp.*, 503 F.3d 351, 358 (4th Cir. 2007) ("In our view, allowing a plaintiff's Rule 9(h) designation to preclude a jury trial on compulsory legal counter- or cross-claims effectively and improperly elevates the traditional mode of trial in admiralty (a bench trial) to a right not to proceed before a jury."); *Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii*, 934 F. 2d 1026 (9th Cir. 1991) (holding that an entire case may be tried before a jury if the claims are factually related to preserve a defendant's Seventh Amendment right despite the plaintiff's 9(h) designation, but "[i]f the claims are not related factually, then the district court may order separate trials in order to preserve the non-jury aspect of admiralty jurisdiction.").

The First Circuit did not consider *In re Lockheed Martin* because *Lockheed* was decided ten years after *Concordia*.  However, *Wilmington Trust* was six years old when *Concordia* was issued, and the First Circuit did not raise it.  That silence cautions me against adopting either of the Ninth Circuit or Fourth Circuit's approaches here (Andersson has not shown that any district court within the First Circuit has applied *Wilmington Trust* or *Lockheed*).  Moreover, my reasoning is not inconsistent with *Wilmington Trust* because that case also supports bifurcated trials where

Whether holding separate trials for GLI's declaratory judgment claim and Andersson's Chapter 176 D counterclaim is appropriate presents a closer question. On one hand, it would not serve judicial economy because part of the Chapter 176D claim is premised on the loss of the chartplotter, and the loss of the chartplotter is the basis for Andersson's equitable claim and an affirmative defense Andersson intends to use in the declaratory action trial. (Answer at 3, Docket No. 9) (listing estoppel as an affirmative defense to GLI's declaratory judgment claim because GLI "should not be allowed to benefit from the absence of this crucial evidence through its claim that Andersson violated the navigational warranty and should be estopped from voiding the policy or denying coverage on that basis"). This means that under Andersson's tripartite plan facts surrounding custody of the GPS chartplotter and representations about which party is responsible for the failure to recover it would be adjudicated in all three trials.

On the other hand, Andersson also alleges that GLI violated Chapter 176D during the claim settlement process by failing to timely communicate its decision to deny coverage and informing Andersson he did not "need to worry" about filing a claim form. (¶¶ 122-23.). These parts of his 176D claim would not be raised during the trial of the equitable estoppel claim or the declaratory judgment claim because they concern facts that arose after the stranding and which are not connected to the fate of the chartplotter, so trying them separately would not harm judicial efficiency.

However—as *Koch* requires—under these facts it is impossible for both parties to prevail using different factfinders without prejudicing each other or arriving at inconsistent results. GLI

---

admiralty and legal claims are not factually related—as GLI's declaratory judgment claim and parts of Andersson's Chapter 176D claim are not— rather than trying the entire case to a jury.

cannot prevail at a bench trail on its declaratory judgment action while Andersson prevails before a jury on his Chapter 176D claims because "where an insurer's denial of coverage is correct there can be no violation of . . . ch. 176D." *Spurlin Ins. Co. of New Hampshire*, 866 F.Supp. 57, 62 (D. Mass. 1994). Therefore, separate trials are not appropriate under *Koch Fuels*.

## Conclusion

For the reasons set forth above, GLI's Motion to Strike is **_granted_**. All claims and counterclaims in this case shall be tried to the bench, not to a jury.