UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

|  |  |  |
|---|---|---|
| **GREAT LAKES INSURANCE SE,** | ) ) ) | **CIVIL ACTION** |
| **Plaintiff,** | ) ) ) | **NO. 4:20-40020-TSH** |
| v. | ) ) ) ) |  |
| **MARTIN ANDERSSON,** | ) ) ) ) |  |
| **Defendant.** | ) |  |

### ORDER ON MOTION TO AMEND (Docket No. 56)

### JULY 20, 2021

Plaintiff Great Lakes Insurance, SE ("GLI") brought this declaratory judgment action under admiralty law against its insured, Martin Andersson ("Andersson"), to determine coverage under a marine insurance policy with respect to a 2019 sailing accident that wrecked the insured vessel, *The Melody*. Andersson ("Andersson") has filed counterclaims for breach of contract (Count I) and equitable estoppel (Count II).[1] (Docket No. 9 at 4-22).

Before the Court is GLI's motion to amend the complaint to add a new claim based upon Andersson's statements from his June 4, 2021 deposition. (Docket No. 56). For the reasons set forth below, the motion is ***denied***.

---

[1] The Court dismissed Count III of Andersson's counterclaim, which contained a cause of action for bad faith insurance claims settlement practices under M.G.L. c. 76D, due to the Policy's New York choice of law clause. (Docket No. 50).

1

**Background**

*Facts*

On December 21, 2018, Andersson purchased a $365,000 marine insurance policy from GLI for his catamaran, *The Melody*. (Ex. A at 2, Docket No. 1-2). The Policy became void *ab initio* if Andersson breached a number of warranties, including sailing beyond the Policy's navigational limits, failing to maintain the vessel in a seaworthy condition, or allowing an unapproved operator to navigate, operate, or be "at the helm." (*Id*. at 3, 13).

On December 16, 2019, *The Melody* sustained catastrophic damage when she hit a breakwater and became stranded in open water near the Port of Boca Chica in the Dominican Republic. (Comp. ¶ 10, Docket No. 1). GLI refused to cover the cost of salvage, repair, or replacement on two grounds: that Andersson had sailed beyond the Policy's navigational limits and that the Melody was not seaworthy during Andersson's ill-fated three-day voyage from Aruba to St. Martin. (¶¶ 12-14). GLI filed this lawsuit seeking a declaration that it has no coverage obligation to Andersson under the Policy for any losses arising out of *The Melody*'s stranding.

*Procedural History*

On October 21, 2020, the Court issued the first scheduling order in this matter:

| Item | Deadline |
| --- | --- |
| Amendments to Pleadings | May 3, 2021 |
| Fact Discovery | Requests for Production: February 1, 2021<br>Requests for Admission: February 1, 2021<br>Non-expert Depositions: April 5, 2021<br>Final Deadline: April 5, 2021 |
| Expert Discovery | Designation of Plaintiff's Experts: May 17, 2021<br>Deposition of Plaintiff's Experts: July 19, 2021<br>Designation of Defendant's Experts: May 17, 2021<br>Deposition of Defendant's Experts: July 19, 2021 |
| Dispositive Motions | September 27, 2021 |

(Docket No. 27).

2

The first scheduling order explicitly provided that no motions seeking leave to add new parties or amend pleadings to assert new claims or defenses would be allowed after the May 3, 2021 deadline, *except for good cause shown*. (Docket No. 27) (emphasis added).

On April 1, 2021, the parties submitted a joint motion to extend discovery deadlines in order to obtain or confirm the unavailability of critical GPS evidence and, if necessary, provide adequate time for Andersson to amend his counterclaims. (Docket No. 32). They also noted that the parties had been unable to take any depositions due to one counsel's knee injury and because the information on the GPS evidence, if recovered, could impact what questions would be asked of witnesses. (*Id*. at 3). Andersson assured the Court that because resolution of the GPS issue was imminent, he would likely be able to comply with the established May 3, 2021 amendment deadline; GLI did not request to extend the amendment deadline or inform the Court that it planned to amend its pleadings. (*Id.*). The parties' proposed scheduling order extended every discovery deadline except for the deadline to amend pleadings.

On April 5, 2021, the Court held another status conference and issued the second scheduling order, which adopted the parties' requested extended deadlines:

| Item | Amended Deadline |
|---|---|
| Fact Discovery | Final Deadline: June 7, 2021 |
| Expert Discovery | Designation of Plaintiff's Experts: July 19, 2021<br>Deposition of Plaintiff's Experts: September 20, 2021<br>Designation of Defendant's Experts: September 20, 2021<br>Deposition of Defendant's Experts: September 20, 2021 |
| Dispositive Motions | November 22, 2021 |

(Docket No. 33).

Neither party requested an extension of the May 3, 2021 deadline to amend the pleadings before or after the April 5, 2021 status conference, so the May 3, 2021 deadline remained in place.

3

GLI took Andersson's deposition on June 4, 2021, one month after the deadline for amended pleadings and three days before the extended June 7, 2021 deadline for fact discovery. Andersson testified that during the December 2019 voyage from Aruba to the Dominican Republic, his crewmember Ronald Naranjo intermittently "monitor[ed]" *The Melody*'s navigation equipment, was positioned at the steering station when Andersson was asleep, and was "on watch" "at the helm." Based upon that testimony and the fact that Andersson was the only covered operator under the Policy, GLI determined that Andersson had likely violated the Policy's Named Operator Warranty, which bars any uncovered person from operating, navigating, being in physical control of, or being "at the helm" of the vessel. (Andersson Dep. 98:23-100:8; 160:21-161:16; Andersson's Policy Application Form, Docket No. 57-1). The Policy further provides that if an incident occurs when the covered vessel is being operated by an uncovered person and a claim arises, the beneficiary has seven days following the incident to apply for retroactive approval. (Policy at 16, Docket No. 1-2). It appears that Andersen did not timely seek such retroactive approval.

GLI filed the instant motion to amend the declaratory judgment complaint to add that claim as an additional basis for non-coverage on June 28, 2021, more than seven weeks after the May 3, 2021 amendment deadline.

## Discussion

GLI has mistakenly applied Fed. R. Civ. P. 15(a)(2)'s less exacting standard rather than the more demanding R. 16(b)(4) to its motion to amend. Unlike R. 15(a)(2)'s liberal policy that leave to amend "shall be freely give[n] . . . when justice so requires," "[a] motion to amend filed outside the parameters set by the scheduling order will be granted "only upon a showing of 'good cause.'" *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (citation omitted).

"The 'good cause standard' focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant." *Id.* (citing *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004). It "focuses on the diligence (or lack thereof) of the moving party . . . the longer a plaintiff delays, the more likely the motion to amend will be denied." *Id*.

GLI, not Andersson, bears the heavy burden of persuading the Court to set aside its scheduling order.

A.  Diligence of the Moving Party

"Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend. Particularly disfavored are motions to amend whose timing prejudices the opposing party by "requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy."" *Steir v. Girl Scouts of the USA*, 3939 F.2d 7, 12 (1stCir 2004) (internal citations omitted).

GLI claims that it acted with the utmost diligence possible, considering that it only became aware of Andersson's likely breach of the Named Operator Warranty on June 4, 2021, the date of his deposition, and sought leave to amend one week after the transcript became available on June 21, 2021. However, I agree with Andersson that GLI had earlier notice of—or good reason to suspect the existence of— this cause of action. In the days immediately following the wreck, GLI's surveyor's report noted that Andersson had had a crewmember on board during the three-day voyage; GLI should have realized that that crewmember was not a covered operator because it had access to the Policy and all the underwriting documents, including the names of all covered operators. Even if GLI had overlooked the significance of

these facts during its initial claim investigation, Andersson provided them a second time during this litigation before his deposition:

> "**INTERROGATORY NO. 4:  Please state the name[s], address[es], telephone number[s], employer[s], and date[s] of birth of each and every individual with knowledge of the nautical experience, background, qualifications, and marine loss history of Defendant MARTIN ANDERSSON, Ronald Naranja, and/or any other person who has ever operated or served as captain or crew aboard the 2000 47' Catana vessel named "MELODY" that is identified on the declarations page of Policy No. CSRYP/172119 and which is the subject of the above captioned litigation.**
>
> <u>**Response and Objections to Interrogatory No. 4:**</u> ". . . Mathew Kaufman, Sydney Craig, Martin Andersson, Ronald Naranjo."
>
> (Docket No. 58-1 at 5).

Andersson further admitted that only he and Naranjo had "firsthand knowledge of the grounding" in his response to Interrogatory No. 5. (*Id.* at 6).[2]  Because the grounding occurred in open water and not when *The Melody* was docked, GLI should have known that Naranjo, an uncovered operators, was the only other person aboard the vessel during its final voyage.

Both parties agree that responses to written discovery were complete on March 19, 2021, two and a half months before the amendment deadline. (Apr. 2, 2021 Joint Mot. to Extend Discovery, Docket No. 32 at 2).  This means that as of March 19, 2021, GLI knew that Andersson had embarked on the three-day trip from Aruba to the Dominican Republic in December 2019 with only one crewmember who was not a covered operator under the Policy. As Andersson observes, GLI also should have known that at some point during that three-day voyage, Andersson would to be relieved (however briefly), and that the only person aboard able to assist was Naranjo, an uncovered operator.  GLI should have realized that it might have an unasserted viable cause of action for breach of the Named Operated Warranty against Andersson,

---

[2] The Court is uncertain about the proper spelling of the crewmember's name because GLI's interrogatories and Andersson's responses both use the "Naranja" and "Naranjo" spellings.

and conducted further discovery. To preserve this cause of action, GLI could have deposed Andersson, questioned Naranjo, or filed this motion to amend before the May 3, 2021 amendment deadline, which would have triggered R. 15(a)'s liberal leave to amend rule rather than R. 16(b)'s more demanding good cause rule. If GLI was reluctant to depose Andersson before the missing GPS evidence issue was resolved, it could have asked the Court to extend the amendment deadline at any point before May 3, 2021. Instead, it took no action to develop or preserve the new claim it now seeks to assert for more than four months.

A. Prejudice to the Non-Moving Party

Although the moving party's diligence is the "dominant criterion," prejudice to the non-moving party "remains relevant." *O'Connell* at 155. There is no question that GLI's amendment would substantially prejudice Andersson; it could be fatal. If GLI can prove that Andersson violated the Named Operator Warranty by allowing Naranjo to navigate, operate, or be "at the helm" of *The Melody* when he slept in the days leading up to the stranding, all his remaining counterclaims against GLI will fail and GLI will prevail. To defend against the proposed amendment, Andersson would incur additional expense for legal research and argument to present his argument that Naranjo was never "at the helm", never "navigated", or never "operated" *The Melody* within the meaning of the Policy because The Melody was navigating on autopilot whenever he was resting during their voyage from Aruba to the Dominican Republican.

The Court is also aware that allowing the amendment would further delay this case, which is nearly seventeen months old. GLI concedes that if the Court allows amendment Andersson would be entitled to take a second deposition of GLI's R. 30(b)(6) deponent.

## Conclusion

I find that GLI has not acted with appropriate diligence to show good cause for setting aside the Court's existing scheduling order and granting leave to amend under R. 16(b), and that the prospect of further delay to the case and the prejudice to Andersson also weigh against amendment.  For the reasons set forth above, Plaintiff's motion to amend is ***denied***.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**