UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

| | | |
|---|---|---|
| GREAT LAKES INSURANCE SE, | : | |
| | : | **Case No. 4:20-cv-40020-DHH** |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MARTIN ANDERSSON | : | |
| | : | |
| Defendant. | : | |

**GREAT LAKES INSURANCE SE'S MOTION FOR
SUMMARY JUDGMENT UNDER FED.R.CIV.P 56**

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE SE, by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1 of the United States District Court for the District of Massachusetts, and for its motion for summary judgment, respectfully states as follows:

The instant motion arises out of a policy of marine insurance issued by the Plaintiff, GREAT LAKES INSURANCE SE (hereinafter "GLI") to the Defendant, MARTIN ANDERSSON (hereinafter "ANDERSSON"). ECF No. 1. As detailed more thoroughly in the accompanying memorandum of law, the disputed policy of marine insurance afforded $365,000.00 in first-party property damage coverage for a vessel owned by ANDERSSON. ECF No. 1, ¶6. As alleged by ANDERSSON, that vessel ran aground in Boca Chica in the Dominican Republic on December 17, 2019. ECF No. 9, p. 8. Following ANDERSSON's submission of a claim for coverage, GLI investigated the loss. Based on that investigation, GLI determined that ANDERSSON's vessel was unseaworthy at the inception of the policy of marine insurance and at the time of the loss. ECF No. 1.

1

The coverage afforded by the policy of marine insurance was subject to various express and implied warranties of seaworthiness.  ECF No. 1-2, p. 13.  Under the terms of the policy of marine insurance, ANDERSSON expressly warranted that his vessel was and would remain "seaworthy at all times during the duration of this insuring agreement."  *Id*.  Under federal admiralty law, ANDERSSON implicitly warranted that the vessel would be seaworthy at the inception of the policy of marine insurance.  *Underwriters at Lloyd's v. Labarca*, 260 F.3d 3; 2001 A.M.C. 2409 (1st Cir.2001).

Under federal admiralty law and the express terms of the policy of marine insurance, the fact that ANDERSSON's vessel was unseaworthy renders the policy of marine insurance void from its inception, with the result that there is no coverage for the loss which occurred on December 17, 2019.

WHEREFORE, GLI asks this this Court issue its order holding that ANDERSSON's vessel was unseaworthy at the inception of the policy of marine insurance and at the time of the loss and that the policy of marine insurance therefore affords no coverage for the loss.

Dated: June 3, 2022
Brookline, Massachusetts

GOLDMAN & HELLMAN
Attorneys for Plaintiff
233 Harvard Street
Suite 211
Brookline, MA 02446
Tel (617) 566-4200
Cel (617) 671-8657
Fax (617) 566-4292

By:        /s/ Michael I. Goldman
        MICHAEL I. GOLDMAN ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court using the CM/ECF System which will provide and electronic notice to all counsel, of record.

Dated: June 3, 2022
Brookline, Massachusetts

GOLDMAN & HELLMAN
Attorneys for Plaintiff
233 Harvard Street
Suite 211
Brookline, MA 02446
Tel (617) 566-4200
Cel (617) 671-8657
Fax (617) 566-4292


By:       /s/ Michael I. Goldman
          MICHAEL I. GOLDMAN ESQ.